UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HIGGINS,<br>    Plaintiff,<br><br>    v.<br><br>RIGANO'S TOWING, et al.,<br>    Defendants. | Civil No. 21-10224-JCB |

ORDER AND REPORT AND RECOMMENDATION

March 15, 2021

Boal, M.J.

For the reasons set forth below, this Court grants the Application to Proceed Without Prepayment of Fees and Affidavit, orders the Clerk's Office to reassign the case to a District Judge and recommends that the District Judge dismiss this action for lack of jurisdiction and failure to state a claim.

I.    BACKGROUND

On February 5, 2021, John Higgins, a resident of Massachusetts, initiated this action by filing a complaint using a model form for pro se litigants. Docket No. 1. With his complaint, Higgins filed an Application to Proceed Without Prepayment of Fees and Affidavit. Docket No. 2. This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 3.

The case caption of the complaint names Rigano's Towing and Basil Rigano of Malden, Massachusetts as defendants. Docket No. 1 at ¶ I.B. In the section of the complaint asking him to identify the basis for jurisdiction, Higgins chose federal question. Id. at ¶ II. In the section asking him to identify the applicable federal statutes, treaties, and/or provisions of the United

States Constitution giving rise to the case, Higgins wrote "MOTOR VEHICLE FRAUD." Docket No. 1 at 3.

In the section asking him to identify the parties if the basis for jurisdiction is diversity of citizenship, Higgins lists himself and Basil Rigano as Massachusetts residents.  Id. at ¶¶ II.B.1.a; 2.a.  In the section asking the amount in controversy, Higgins states that he seeks "COMPENSATION OF $150,000" for "MOTOR VEHICLE FRAUD."  Id. at ¶ II.B.3.

In support of his claim, Higgins wrote "PLAINTIFF CLAIMS DEFENDANT WITH MOTOR VEHICLE REGISTRATION THEFT/FRAUD."  Id. at ¶ III.  For relief, Higgins repeats this claim and states that "DEFENDANT SOLD AUTOMOBILE."  Id. at ¶ IV.  With the complaint, Higgins submits a copy of a January 26, 2021 order dismissing a state court case without prejudice for failure to appear at a final pre-trial conference.  Higgins v Rigano's Towing, No. 1981CV00424.  Docket No. 1-3.

II.    MOTION TO PROCEED IN FORMA PAUPERIS

Upon review of Higgins' Application to Proceed Without Prepayment of Fees and Affidavit, the Court concludes that he has shown that he is without assets to pay the filing fee. Accordingly, the Court grants the Application.

III.   SCREENING OF THE COMPLAINT

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction.  See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  The party invoking jurisdiction carries the burden of proving its existence.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer

"federal question" and "diversity" jurisdiction, respectively. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Higgins is proceeding in forma pauperis, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the court liberally construes Higgins's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

IV.     DISCUSSION

The complaint does not give rise to federal question or diversity jurisdiction and is subject to dismissal for lack of jurisdiction. Although Higgins invokes this Court's federal question jurisdiction, he has failed to state what law or statute the Defendants allegedly violated. It appears that Higgins is alleging that the defendants wrongfully sold Higgins' car. However, such a claim does not present a valid federal question. To the extent the complaint invokes the

Court's diversity jurisdiction, there is no diversity of citizenship because plaintiff and the defendants all reside in Massachusetts.

To the extent Higgins seeks to challenge the Middlesex Superior Court judgment, the Rooker-Feldman doctrine deprives this court of subject matter jurisdiction over any challenge to the state court judgment. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Under the Rooker-Feldman doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)); see also Davison v. Gov't of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006) ("the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Even if the complaint properly alleged this Court's jurisdiction, Higgins' complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim upon which relief may be granted. Higgins alleges that the Defendants violated an unspecified law and the actual basis of his claim is unclear. The burden is on Plaintiff to set forth plausible claims upon which relief may be granted and to provide sufficient notice to the Defendants of his claims. Ateek v. Massachusetts, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure). Higgins has failed to meet this burden.

V.   ORDER AND RECOMMENDATION

For the foregoing reasons, Higgins' Application to Proceed Without Prepayment of Fees and Affidavit is GRANTED, the file shall be returned to the Clerk's Office for

REASSIGNMENT to a District Judge for further proceedings and this Court RECOMMENDS that that the District Judge assigned to this case dismiss the complaint for lack of jurisdiction and failure to state a claim.

VI. REVIEW BY A DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge